## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM J. and MELISSA SCHRADER, Individually and Husband and Wife 3200 Derry Street Harrisburg, PA 17111 | : : : : : : NO.: |
|          Plaintiffs, | : : |
|     v. | : : |
| DAUPHIN COUNTY 1400 Linglestown Rd, Harrisburg, PA 17110 | : : : : |
| and | : : |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS 1400 Linglestown Rd, Harrisburg, PA 17110 | : : : : : |
| and | : : **JURY TRIAL DEMANDED** |
| SUSQUEHANNA TOWNSHIP POLICE DEPARTMENT 1400 Linglestown Rd, Harrisburg, PA 17110 | : : : : : |
| and | : : |
| PATROLMAN DARRYL BROWN Individually and in his official capacity as a Police Officer in the Susquehanna Township Police Department 1400 Linglestown Rd, Harrisburg, PA 17110 | : : : : : : : |
| and | : : : : |

CAPTAIN JEFFREY VARGO                                          :
Individually and in his official capacity as a                 :
Police Officer in the                                          :
Susquehanna Township Police Department                         :
1400 Linglestown Rd,                                           :
Harrisburg, PA 17110                                           :
                                                               :
and                                                            :
                                                               :
SERGEANT ADAMS                                                 :
Individually and in his official capacity as a
Police Officer in the                                          :
Susquehanna Township Police Department                         :
1400 Linglestown Rd,                                           :
Harrisburg, PA 17110                                           :
                                                               :
and                                                            :
                                                               :
CORPORAL SOMMA                                                 :
Individually and in his official capacity as a                 :
Police Officer in the                                          :
Susquehanna Township Police Department                         :
1400 Linglestown Rd,                                           :
Harrisburg, PA 17110                                           :
                                                               :
and                                                            :

DETECTIVES CAIRNS                                              :
Individually and in his official capacity as a                 :
Police Officer in the                                          :
Susquehanna Township Police Department                         :
1400 Linglestown Rd,                                           :
Harrisburg, PA 17110                                           :
                                                               :
and                                                            :
                                                               :
PATROLMAN WAGNER                                               :
Individually and in his official capacity as a                 :
Police Officer in the
Susquehanna Township Police Department
1400 Linglestown Rd,
Harrisburg, PA 17110

and

JOHN DOES 1-10

Defendants.

## CIVIL ACTION COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the arrest which is the subject of this action is occurred within this district.

## PARTIES

3. Plaintiff, Adam and Melissa Schrader, are adult individuals, currently residing at the above captioned address.

4. Defendant, Dauphin County, is the responsible party administrator overseeing the police department and prison system found in its county.

5. Defendant, Pennsylvania Department of Corrections operate the correctional facilities in Pennsylvania.

6. Defendant, Susquehanna Township Police Department is a Law enforcement unit in Dauphin County, Pennsylvania.

7. Defendants, Captain Jeffrey Vargo is an adult individual who, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of Susquehanna Township Police Department, acting under color of State law.

8. Defendants, Patrolman Darryl Brown ("Ptlm. Brown") is an adult individual who, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant,

workman, or employee of Susquehanna Township Police Department, acting under color of State law.

9.  Defendants, Sergeant Adams ("Sgt. Adams") is an adult individual who, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of Susquehanna Township Police Department, acting under color of State law.

10. Defendants, Corporal Somma ("Cpl. Somma") is an adult individual who, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of Susquehanna Township Police Department, acting under color of State law.

11. Defendants, Detective Cairns ("Det. Cairns") is an adult individual who, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of Susquehanna Township Police Department, acting under color of State law.

12. Defendants, Patrolman Wagner ("Ptlm Wagner") is an adult individual who, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of Susquehanna Township Police Department, acting under color of State law.

13. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below, Upon information and belief, Defendants, John Does, were agents, servants, workmen, or

employees of Co-Defendants, liable to Plaintiffs hereunder.

## **OPERATIVE FACTS**

14. On or about January 2014, Plaintiffs moved in with Adam Schrader's mother at 227 South 19th Street, Harrisburg, PA 17104 to help take care of her while she was battling cancer.

15. In an effort to generate income while they were living with Plaintiff's mother, Plaintiffs had rented a house located at 3200 Derry Street, Harrisburg, PA 17111, to Melissa Schrader's nephew, Jacob Romberger for $1000.00 per month plus utilities.

16. Without Plaintiff's' knowledge or permission, Jacob Romberger sublet the home to Terry Wiggins-Thompson and Raymond Wiggins (and other parties.)

17. In February 2015, Jacob Romberger was having various issues with Terry Wiggins-Thompson and Raymond Wiggins, and informed Plaintiffs of the sublet.

18. Plaintiffs were forced to serve a Notice to Quit to Thompson and Wiggins, to have them leave the property by February 17, 2015.

19. On or about February 17, 2015, Plaintiffs were informed by Jacob Romberger that Terry Wiggins-Thompson, and Raymond Wiggins had left the property.

20. On or about April 13, 2015 Plaintiff, Adam Schrader was working at his mother-in-law's home when Defendants, Ptlm. Brown, Cpl. Somma, and Sgt. Adams arrived at his residence and asked to speak to him.

21. Sgt. Adams told Plaintiff, Adam Schrader that Terry Wiggins-Thompson, and Raymond Wiggins were squatting in an abandoned home three (3) doors down at 30 North 34th Street, and that Terry Wiggins-Thompson and Raymond Wiggins told the police that Plaintiffs, Adam and Melissa Schrader had given them permission to stay in the property.

22. Plaintiff, Adam Schrader told Defendant, Susquehanna Township Police Department that he

was not aware that Terry Wiggins-Thompson and Raymond Wiggins were squatting in the property and never advised them that they could stay there.

23. Defendant, Susquehanna Township Police Department claimed that Terry Wiggins-Thompson, and Raymond Wiggins had proof of receipt paying rent to Plaintiff, Adam and Melissa Schrader.

24. Defendant, Ptlm. Brown arrested Plaintiff, Adam Schrader and transferred him to the Police Station.

25. On or about April 13, 2015, Plaintiff, Adam Schrader was charged with "Theft by Deceit-False Impression" by the Dauphin County District Attorney's office. **Exhibit A.**

26. Plaintiffs discovered that Terry Wiggins-Thompson, and Raymond Wiggins had been arrested several times for squatting and failure to pay rent.

27. Plaintiffs' attorney made several attempts to have the charges dropped after presenting evidence that Plaintiffs did not know Terry Wiggins-Thompson and Raymond Wiggins and that they did not advise them they could stay in the abandoned property.

28. On or about August 22, 2015,  the Commonwealth dropped the charges against the Plaintiffs. **Exhibit B.**

29. Plaintiff, Adam Schrader was imprisoned for about 183 days as a result.

30. At the time, Plaintiff, Adam Schrader was studying to be a drug and alcohol counselor.

31. He was forced to drop out of course because of the incarceration and his loan payment is now past due.

32. Plaintiff, Adam Schrader now has to pay an additional $7,000.00 to be able to continue his education.

33. On or about April 15, 2015, Plaintiff Melissa Schrader received a call from the Susquehanna

Township Police Department that she was also charged with "Theft by Deceit-False

Impression" and she was threatened to be arrested at school, where she worked as a teacher

unless she voluntarily went to the Police station for fingerprinting.

34. After Plaintiff, Melissa Schrader's hearing, Ptlm. Brown told Melissa's father that she was

charged only because in these types cases, when the main suspect has a previous criminal

background, it is more likely that the significant other of the main suspect is also involved in

the case; and that is why they also charged Plaintiff, Melissa Schrader with her husband

Plaintiff, Adam Schrader.

35. Plaintiff, Melissa Schrader is in the process of expunging her criminal record regarding this

incident.

36. Since being charged, Plaintiff Melissa Schrader lost several job opportunities that she was

qualified for just because of her criminal background check.

37. Plaintiffs forced to spend $14,885.00 for attorney fee and cost to defend their cases and

expungement procedure.

38. Plaintiffs careers and livelihoods have been impacted.

39. Plaintiffs suffered emotional distress and significant financial harm.

40. At no time was there any evidence (probable cause/reasonable suspicion) connecting

Plaintiffs to the charges of Theft with Deceit-False Impression.

## COUNT I
## MALICIOUS PROSECUTION/ FALSE ARREST/ WRONGFUL IMPRISONMENT

41. Plaintiffs incorporates by reference all prior paragraphs as if fully set forth at length herein.

42. At the time of Defendant's investigation, arrest, charges, and imprisonment, Plaintiffs had not

committed any infraction to legally justify the incarceration and charges.

43. Defendants' actions stated above, inter alia, were committed under color of state law and

were violations of Plaintiffs' clearly established and well-settled Constitutional and other legal rights.

44. Defendants caused Plaintiffs to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiffs to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendants instituted criminal action against Plaintiffs by way of failing to properly investigate the conduct giving rise to their arrest.

46. Plaintiffs were seized from the time they were arrested through the time Plaintiff, Adam Schrader was imprisoned.

47. Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiffs of the criminal acts.

48. The criminal action terminated in Plaintiffs' favor – Plaintiffs' charges were withdrawn.

<u>**COUNT II**</u>
<u>**LOSS OF CONSORTIUM**</u>

49. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

50. As a result of the wrongful acts of Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

51. All of the aforesaid injuries and damages were caused solely and proximately by the Defendants.

<u>**COUNT III**</u>
<u>**MONELL**</u>

52. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

53. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiffs' constitutional and other rights.  Specifically, Defendants strip search inmates who are imprisoned for non-violent offenses without any reasonable suspicion, use excessive force, and deny reasonable medical care, including by a failure to train, supervise, or otherwise as inappropriately acceptably common.

54. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of incarcerated citizens, such as Plaintiff, and were the cause of the violations of Plaintiff, Adam Schrader's rights as set forth herein.

55. Plaintiffs suffered harm due to Defendants' conduct.

**WHEREFORE**, Plaintiffs respectfully requests this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a.   Statutory damages;

   b.   Punitive damages;

   c.   Compensatory damages, including;

      i.   Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;

   d.   Attorney's fee, costs and equitable relief.

Respectfully Submitted,

**WEISBERG LAW**                        **SCHAFKOPF LAW, LLC**


BY: /s/ Matthew Weisberg              BY: /s/ Gary Schafkopf
MATTHEW B. WEISBERG, ESQ             GARY SCHAFKOPF, ESQ.
Attorney ID No. 85570                 Attorney ID No. 83362
7 South Morton Ave.                   11 Bala Ave
Morton, PA 19070                      Bala Cynwyd, PA 19004
610-690-0801                          610-664-5200 Ext 104
Fax: 610-690-0880                     Fax: 888-283-1334
**Attorney for Plaintiffs**           **Attorney for Plaintiffs**