| | |
|---|---|
| Matthew Weisberg | David J. MacMain |
| L. Anthony DiJiacomo, III | The MacMain Law Group, LLC |
| Weisberg Law | 101 Lindenwood Drive, Suite 160 |
| 7 South Morton Ave. | Malvern, PA 19355 |
| Morton, PA 19070 | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM J. and MELISSA SCHRADER | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | DOCKET NO.: 17-00592 |
| v. | : | (Judge Yvette Kane) |
| | : | |
| SUSQUEHANNA TOWNSHIP, et al. | : | |
| | : | |
| Defendants. | : | |

## JOINT CASE MANAGEMENT PLAN

**Instructions:** In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1. **Principle Issues**

    **1.1    Separately for each party, please give a statement summarizing this case:**

    **By plaintiff(s):**

This matter arises from the arrest, incarceration, and prosecution of Plaintiff, Adam Schrader and the arrest and prosecution of Plaintiff, Melissa Schrader for "Theft by Deceit-False Impression". Ultimately, the Commonwealth abandoned its charges against Plaintiffs. The Commonwealth's only basis for the charges were the statements obtained by the alleged victims, who were found squatting in an abandoned apartment and made-up the accusations against the Schraders - specifically, that the Schraders had rented the apartment to them. Defendants should have known that the statements of the squatters was not reliable, particularly in light of their past history of illegal/criminal squatting. Defendants manufactured evidence against Plaintiffs, as they knew the statements alone were not credible; it later turned out that Defendants had no documented evidence of any relationship or contact between the Schraders and the alleged victims. As a result of Defendants' actions, Plaintiffs have lost job opportunities and have been significantly harmed. Mr. Schrader spent approximately 183 days in prison.

Plaintiffs bring claims for false arrest, wrongful imprisonment, and malicious prosecution, all actionable through 42 U.S.C. §1983, et seq.

    **By defendant(s):**

The present false arrest, wrongful imprisonment, and malicious prosecution claims against defendants arise from the arrest of Melissa and Adam Schrader. After evicting the Wiggins from their property, Melissa Schader contacted Terry Wiggins' daughter to inform her that she had a place for the Wiggins to rent. Plaintiffs helped move the Wiggins into 30 N. 34th Street with the understanding that the Wiggins would pay plaintiffs $450 a month in rent. Terry and Raymond Wiggins were found living in a property located at 30 N. 34th Street by the property owner's daughter. The property owners' daughter called police after contacting her father and learning that no one was supposed to be in the property. When the police informed the Wiggins that they were in the property illegally, the Wiggins told police that they were renting the property from their landlord, Adam Schrader.

Terry Wiggins made a written statement reflecting that they had an agreement with Plaintiffs to rent the property for $450/month since Plaintiff's brother was moving out of the property to Germany. The Wiggins made two payments at the time Plaintiffs were arrested. Raymond Wiggins made a written statement that he saw Terry Wiggins pay Adam Schrader the rent money twice. Based on this information Plaintiffs were arrested and charged with Theft by Deceit-False Impression. All charges were bound over for trial at the preliminary hearing. However, the District Attorney's Office nolle prossed the charges when they were unable to locate be victims to testify.

**1.2** **The facts the parties <u>dispute</u> are as follows:**

- The parties dispute all facts not agreed upon below

**All facts <u>agreed</u> upon are as follows:**

- Adam Schrader was arrested on April 13, 2015
- Melissa Schrader was arrested on April 15, 2015
- Adam Schrader was in custody for 183 days.
- The charges were nolle prossed on August 22, 2016

**1.3** **The legal issues the parties <u>dispute</u> are as follows:**

- Liablilty

**All legal issues <u>agreed</u> upon are as follows:**

- Jurisdiction and venue are proper in the United States District Court for the Middle District of Pennsylvania.

**1.4** **Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None.

**1.5   Identify any named parties that have not yet been served:**

None.

**1.6   Identify any additional parties that:**

**plaintiff(s) intends to join:** None at this time

**defendant(s) intends to join:** None at this time.

**1.7   Identify any additional claims that:**

**plaintiff(s) intends to add:**  none at this time

**defendant(s) intends to add:** None at this time.

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

**Disclosed by Plaintiff:**

| Name | Title/Position |
|---|---|
| Adam Schrader | Plaintiff |
| Melissa Schrader | Plaintiff |
| Terry Wiggins-Thompson | Witness |
| Raymond Wiggins | Witness |
| Jacob Romberger | Witness |
| Darryl Brown | Defendant |
| Sergeant Adams | Defendant |

  Corporal Somma    Defendant
  Robert Martin     Defendant

**Disclosed by Defendants:**

| Name | Title/Position |
|---|---|
| Adam Schrader | Plaintiff |
| Melissa Schrader | Plaintiff |
| Darryl Brown | Defendant |
| Sergeant Adams | Defendant |
| Corporal Somma | Defendant |
| Robert Martin | Defendant |
| Terry Wiggins-Thompson | Witness |
| Raymond Wiggins | Witness |
| Kimberly Ahlers | Witness |

**3.0 Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation: none**

<u>**Nature of Motion**</u>  <u>**Moving Party**</u>  <u>**Anticipated Filing Date**</u>

**4.0 Discovery**

 **4.1 Briefly describe any discovery that has been completed or is in progress:**

   Parties have scheduled depositions of plaintiffs and defendants Brown, Somma, and Adams.

   Parties are also in the process of serving and responding to written discovery.

**4.2** **Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

The parties agree that all named parties will be deposed. The parties also agree to exchange documents. The parties further agree that they will coordinate to schedule the depositions of any non-party witnesses who may have information relevant to Plaintiffs' claims and/or Defendants' defenses.

**4.3** **Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

None at this time.

**4.4** **Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:**

None at this time.

**4.5** **For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1** depositions (excluding experts) to be taken by:

**plaintiff(s):** <u>10</u>     **defendants:** <u>10</u>

      **4.5.2  interrogatories to be served by:**

          **plaintiff(s):** <u>25</u>        **defendants:** <u>25</u>

      **4.5.3  document production requests to be served by:**

          **plaintiff(s):** <u>25</u>        **defendants:** <u>25</u>

      **4.5.4  requests for admission to be served by:**

          **plaintiff(s):** <u>25</u>        **defendants:** <u>25</u>

**The parties agree to the limitations contained in the Federal Rules of Civil Procedure and this Court's local rules.**

    **4.6  Discovery of Electronically Stored Information**

      <u>**X**</u>    **Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

      __    **Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:**

**5.0  Protective Order**

    **5.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

      None at this time.

**5.2** **If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

None at this time.

**6.0** **Scheduling**

    **6.1** **Final date for joining additional parties:**
        n/a

    **6.2** **Final date for amending pleadings:**
        **September 1, 2017**

    **6.3** **All fact discovery to be commenced in time to be completed by:**
        **December 4, 2017**

    **6.4** **All potentially dispositive motions should be filed by:**
        **January 19, 2018**

    **6.5** **Reports from retained experts due:**

        **n/a**

    **6.6** **Supplementations due:**
        **n/a**

    **6.7** **All expert discovery commenced in time to be completed by:**
        **n/a**

**6.8**   This case may be appropriate for trial in approximately:

   ___ 240 Days from the filing of the action in this court

   _X_ 365 Days from the filing of the action in this court

   ___ Days from the filing of the action in this court

**6.9**   Suggested Date for the final Pretrial Conference:
       March 2018 (month/year)

**6.10**   Trial:

   **6.10.1 Suggested Date for Trial**

   April 2018 (month/year)

**7.0**   **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

   I hereby certify that the following individual(s) have settlement authority.

Plaintiff
Adam Schrader
3200 Derry Street
Harrisburg, PA 1711

Defendants: Susquehanna Township, Susquehanna Township Police Department, Public Safety Director Robert A. Martin, Patrolman Darryl Brown, Sergeant Richard Adams, and Corporal Andrew Somma:
   David J. MacMain
   Attorney for Defendants
   The MacMain Law Group, LLC
   101 Lindenwood Drive, Suite 160
   Malvern, PA 19355
   (484) 318-7703

**8.0  Alternative Dispute Resolution ("ADR")**

    **8.1**    **Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

        **ADR procedure:** None.

        **Date ADR to be commenced:**
        **Date ADR to be completed:**

    **8.2**    **If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

    **8.3**    **If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

**9.0**    **Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

**All parties agree to jurisdiction by a magistrate judge of this court:**

**____ Y     X  N**

**If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:**

    **_____     Scranton/Wilkes-Barre**
    **_____     Harrisburg**

**10.0   Other Matters**

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

**11.0   Identification of Counsel**

**Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.**

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

| | |
|---|---|
| Dated: August 10, 2017 | Matthew B. Weisberg<br>L. Anthony DiJiacomo, III<br>7 South Morton Ave.<br>Morton, PA 19070<br>(610) 690-0801<br>ECF User: Yes |
| Dated: August 10, 2017 | David J. MacMain<br>The MacMacMain Law Group, LLC<br>101 Lindenwood Drive, Suite 160<br>Malvern, PA  19355<br>(484) 318-7703<br>Attorney for Defendants<br> ECF User: Yes |